ELLIOT ENOKI #1528
Acting United States Attorney
District of Hawaii

THOMAS J. BRADY #3740
Chief, Criminal Division

JILL OTAKE #10442
DARREN W.K. CHING #6903
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 440-9215
Facsimile:  (808) 541-2958
jill.a.otake@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00109 LEK |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S RESPONSE |
| | ) | TO DEFENDANT'S |
| v. | ) | SUPPLEMENTAL |
| | ) | MEMORANDUM IN SUPPORT |
| MICHAEL PATRAKIS, | ) | OF MOTION TO SUPPRESS |
| | ) | EVIDENCE |
| Defendant. | ) | |
| | ) | |

<u>GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE</u>

The United States of America, by and through Elliot Enoki, Acting United States Attorney, and Jill Otake and Darren W.K. Ching, Assistant United States Attorneys, hereby files this Response to Defendant's Supplemental Memorandum in Support of Motion to Suppress Evidence, Dkt. No. 73.

In his Supplemental Memorandum, Defendant focuses on two arguments: first, that there were no exigent circumstances justifying the warrantless entry into Defendant's home and that any evidence obtained in the course of that entry should be suppressed; and second, that J.R. did not have actual or apparent authority to access Defendant's DropCam account.  *See* Dkt. No. 73 at 2-4.

The government has already addressed the question of exigent circumstances.  *See* Dkt. No. 56 at 12.  Nonetheless, the police did not obtain any evidence during the initial warrantless entry.

There are two remaining sources of evidence at issue: (1) the evidence obtained in the execution of the search warrant (which is a broad array of evidence, *see* Dkt. No. 56 at Exhibit 2) and (2) digital items downloaded via a Hawaii Police Department computer, without a warrant, during a meeting between J.R. and Detective Bird (*see* Dkt. No. 56 at 9 fn3).

2

Consistent with Defendant not filing a motion to suppress evidence recovered pursuant to the search warrant, at the hearing held on October 25, 2017, Defendant conceded that he does not challenge the validity of the search warrant. *See* Dkt. No. 56 at Exhibit 1. Therefore, any evidence obtained in the course of the search warrant execution is not the subject of the suppression motion.

That leaves only the evidence obtained during the meeting between J.R. and Detective Bird. The government will call Detective Bird as a witness regarding the information downloaded onto police computers. The question of apparent authority is only relevant to the evidence obtained via the police computers.

Defendant argues that the government bears the burden of proving that J.R. had either actual or apparent authority to consent to the search of the DropCam account. *See*, *e.g.*, Dkt. No. 73 at 4. That burden applies only to the consent given to Detective Bird for the download onto the police computers. It does not apply to the search warrant. Indeed, Defendant substitutes the burden for establishing consent for a warrantless search for the burden for establishing the invalidity of a search warrant. *Compare United States v. Welch*, 4 F.3d 761, 764 (9th Cir. 1993), cited in Dkt. No. 73 at 4, *with Chin Kay v. United States*, 311 F.2d 317, 321 (9th Cir. 1962), cited in Dkt. No. 59 at 2.

Ultimately, then, the government only intends to call a witness who is relevant to the question of apparent authority for the downloading of evidence onto a police computer. Furthermore, the government is unclear as to how any witnesses called by Defendant will be relevant to any issue the Court must decide regarding the admissibility of evidence obtained pursuant to a warrant that Defendant is not challenging.

DATED: November 8, 2017, at Honolulu, Hawaii.

Respectfully submitted,

ELLIOT ENOKI
Acting United States Attorney
District of Hawaii


By    s/Jill Otake
JILL OTAKE
DARREN W.K. CHING
Assistant U.S. Attorney