ORIGINAL

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
Chief, Criminal Division

DARREN W.K. CHING #6903
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Room 6-100
Honolulu, Hawaii  96850
Telephone:  541-2850
E-mail: Darren.Ching@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR - 6 2018

at ___ o'clock and ___ min ___ M.
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO.   17-00109 LEK |
| ) | |
| Plaintiff, ) | MEMORANDUM OF PLEA |
| ) | AGREEMENT |
| v. ) | |
| ) | |
| MICHAEL PATRAKIS, ) | Date: March 6, 2017 |
| ) | Time: 2:00 pm |
| Defendant. ) | Judge: LESLIE E. KOBAYASHI |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorneys, United States Attorney Kenji

M. Price and Assistant United States Attorney Darren W.K. Ching, and the

defendant MICHAEL PHILLIP PATRAKIS ("Defendant" or "PATRAKIS"), and his attorney, Keith Shigetomi, Esq., have agreed upon the following:

1.     Defendant acknowledges that he has been charged in the Indictment with violating 18 U.S.C. § 2251(a) in Counts 1, 2, and 3; and 18 U.S.C. § 2252(a)(2) in Count 4; and 18 U.S.C. § 1591(a) in Count 5.

2.     Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3.     Defendant fully understands the nature and elements of the crimes with which he has been charged.  Specifically, he has been advised that the elements of the crime of Sexual Exploitation of a Child (Counts 1 and 2) are:

a.     First, at the time of the commission of the crime, the victims, in this case, Minor Female 1 (named in Count 1) and Minor Female 2 (named in Count 2), were under the age of 18 years;

b.     Second, Defendant used or persuaded Minor Female 1 and Minor Female 2 to take part in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), for the purpose of producing, as defined in 18 U.S.C. § 2256(3), visual depictions of such conduct; and

c.     Third, the visual depictions were produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

2

4.     Defendant will enter pleas to Counts 1 and 2 of the Indictment, which charges him with Sexual Exploitation of a Child, in violation of 18 U.S.C. §§ 2251(a) and (e).   Defendant understands that by pleading guilty pursuant to this Memorandum of Plea Agreement ("Agreement"), he is waiving his right to appeal the Court's Order Denying Defendant Michael Patrakis' Motion to Suppress Evidence filed on April 20, 2017 [Dkt. No. 53] (*see* Dkt. No. 80 filed on December 21, 2017).   Based upon information currently known to the prosecution as of the date of the execution of this Agreement, the United States will not seek additional charges against Defendant arising out of the incidents that form the basis for the charges contained in the Indictment.   This promise only obligates the United States Attorney's Office for the District of Hawaii and is not intended to obligate other United States Attorney's Offices nor other state or local prosecutor's offices.

Pursuant to Federal Rules of Criminal Procedure Rule 11(c)(1)(A) and (B), in exchange for Defendant's guilty pleas to Counts 1 and 2 of the Indictment, and agreement as to a recommended range for sentencing (*see infra* paragraph 9), the government agrees to move to dismiss the remaining counts of the Indictment as to Defendant after sentencing.   Further consideration for this Agreement includes Defendant waiving his right to appeal the Court's Order denying his Motion to

Suppress and the government agreeing not to charge Defendant with crimes arising out of the incidents that form the basis for the charges contained in the Indictment.

This Agreement eliminates the risks of litigation for both parties as well as any re-victimization of Minor Female 1 and Minor Female 2; and Minor Male 1 and Minor Male 2, when having to testify about the crimes perpetrated by Defendant.

Defendant agrees that this Agreement shall be filed and become part of the record in this case.

6.     Defendant enters these pleas because he is in fact guilty of the Sexual Exploitation of a Child (Counts 1 and 2), and agrees that these pleas are voluntary and not the result of force or threats.

7.     Defendant understands that the penalties for the offenses to which he is pleading guilty include:

**Sexual Exploitation of a Child (Counts 1 and 2) as to each count**:

a.     a mandatory minimum imprisonment term of 15 years and a maximum imprisonment term of 30 years;

b.     a fine of no less than $5,000 and no more than $250,000;

c.     a term of supervised release of at least five years and up to life; and

4

d.  mandatory restitution pursuant to 18 U.S.C. §§ 2259 and 3663A in an amount to be determined by the Court.

The Court must impose a $100 special assessment as to each count to which Defendant is pleading guilty.

Additionally, Defendant also understands that by pleading guilty to these counts, he will be required to register as sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life.

8.  Defendant admits to the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

a.  In March of 2015, Minor Female 1, then fifteen years old, moved with her daughter, Minor Female 2, then two years old, into the home of MICHAEL PATRAKIS, located in Kailua-Kona in the District of Hawaii, for the purpose of renting a room.  The two lived at the residence until September 17, 2015, when law enforcement executed a search warrant on PATRAKIS' home,

recovering numerous electronic devices, and removed Minor Female 1 and Minor Female 2 from the home.

      b.      During the time they lived together, PATRAKIS and Minor Female 1 engaged in a sexual relationship.  PATRAKIS knew Minor Female 1 was under the age of eighteen during this time.   PATRAKIS used Minor Female 1 for the purpose of producing visual depictions of Minor Female 1 engaging in sexually explicit conduct, as defined by 18 U.S.C. § 2256 which included the following:

      i.      DSCN1578.jpg:  PATRAKIS's naked penis is placed between the breasts of Minor Female 1.  This image was produced on March 5, 2015, using a Nikon Coolpix camera, and was discovered on PATRAKIS' iMac computer hard drive.

      ii.      IMG_5537.mov:  Minor Female 1 performing oral sex on PATRAKIS' naked penis.   This video is approximately five minutes and nine seconds in length and was produced on September 4, 2015, using an Apple IPhone 5.  This video was recovered from PATRAKIS' iMac computer hard drive.

      c.      PATRAKIS had custody and control over Minor Female 2 when Minor Female 1 had to work or left the house.  PATRAKIS served as a surrogate father to Minor Female 2, and disciplined her, fed her, and monitored

her.   PATRAKIS used Minor Female 2 for the purpose of producing visual depictions of Minor Female 2 engaging in sexually explicit conduct, as defined by 18 U.S.C. § 2256, which included the following:

      i.      P160674.jpg:   PATRAKIS's upper torso is nude as he holds Minor Female 2 atop a bed, with her legs spread apart, exposing her genitals. PATRAKIS' left hand is holding Minor Female 2's left knee.   This image was produced on May 29, 2015, using a Panasonic DMC-FP3 camera.

      ii.      P1060673.jpg:   PATRAKIS holds Minor Female 2 with his right hand and his left hand blocks Minor Female 2's face.   The two are atop a bed, while her legs are spread apart, exposing her naked genitals.   It is not clear from the photo whether he is fully clothed.   This image was produced on May 29, 2015, using a Panasonic DMC-FP3 camera.

      iii.      P1060697.jpg:   PATRAKIS is on a bed with a nude Minor Female 2, whose legs are spread apart, and her genitals are exposed.   She appears to be crying.   It is not clear from the photo whether he is fully clothed. This image was produced on May 29, 2015, using a Panasonic DMC-FP3 camera.

      iv.      P1060698.jpg:   PATRAKIS' right arm is holding a nude Minor Female 2 by the shoulder area; her legs are spread apart, partially exposing

her genitals.   This image was produced on May 29, 2015, using a Panasonic DMC-FP3 camera.

v.   P1060699.jpg:   A partially-nude PATRAKIS is holding Minor Female 2's nude body atop a bed with her legs spread, exposing her genitals.   This image was produced on May 29, 2015, using a Panasonic DMC-FP3 camera.

vi.   IMG_5552.jpg:   Minor Female 2 is nude from her lower torso down to her legs; a smiley-face has been drawn on her abdomen, and her genitals are exposed.   This image was produced on September 11, 2015, using an Apple IPhone 5.

d.   The images described above of Minor Female 2 constitute images of the lascivious exhibition of her genitals or pubic area.

e.   All of the foregoing visual depictions of Minor Female 1 and Minor Female 2 were produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.   In other words, the Nikon Coolpix camera, the Apple IPhone 5, and the Panasonic DMC-FP3 camera used to produce the foregoing visual depictions were manufactured outside the State of Hawaii and were mailed, shipped, or transported across state lines or in foreign commerce.

8

9.      Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.   Defendant is charged with three other offenses, all relating to the exploitation of children.   The Agreement to plead guilty to Counts 1 and 2 reflects the essence of Defendant's conduct, that is exploiting children.

10.   Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

a.      Factual stipulations

Paragraph 8 of this Agreement is hereby incorporated by reference.

b.      Offense level stipulations

None.

c.      Sentencing stipulations

Pursuant to Federal Rules of Criminal Procedure Rule 11(c)(1)(B), the government and Defendant agree that, notwithstanding Defendant's to-be calculated guideline range, the government will recommend a sentence of 18 years

9

of imprisonment.   Defendant acknowledges and agrees he will be required to be

sentenced to no less than 15 years of imprisonment.   Defendant also agrees to no

less than 10 years of supervised release.   The government is free to argue for

supervised release for up to life.   The parties agree to a condition of supervised

release, which requires Defendant to have no contact with Minor Female 1 and

Minor Female 2.   The parties stipulate to these sentencing terms to avoid the risks

of litigation for both parties as well as any re-victimization of Minor Female 1 and

2, and Minor Male 1 and Minor Male 2, when having to testify about the crimes

perpetrated by Defendant.

          d.      The United States Attorney agrees that Defendant's agreement

herein to enter into a guilty plea(s) constitutes notice of intent to plead guilty in a

timely manner, so as to permit the government to avoid preparing for trial as to

Defendant.   Accordingly, the United States Attorney anticipates moving in the

Government's Sentencing Statement for a one-level reduction in sentencing offense

level pursuant to Guideline Section 3E1.1(b)(2), if defendant is otherwise eligible.

    Defendant understands that notwithstanding its present intentions, and still

within the Agreement, the prosecution reserves the rights (1) to argue to the

contrary in the event of receipt of new information relating to those issues, and (2)

to call and examine witnesses on those issues in the event that either the probation

office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12. Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties identify the following facts that are in dispute for the purpose of sentencing of Defendant in connection with this matter:

None at this time.

13. Defendant is aware that he has the right to appeal his conviction and the sentence imposed. Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined, on any ground whatever, in exchange for the concessions made by the prosecution in this Agreement.

a. Defendant also waives his right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, except that

defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b.      If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to Defendant, Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

      c.      The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in 18 U.S.C. § 3742(b).

14.      Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.   Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15.      Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.   Defendant understands that the Court will not accept an agreement

12

unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

16.   Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.   If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial.   The trial could be either a jury trial or a trial by a judge sitting without a jury.   Defendant has a right to a jury trial.   However, in order that the trial be conducted by the judge sitting without a jury, Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b.   If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.   Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.   The jury would be instructed that Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

13

c.     If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of Defendant's guilt beyond a reasonable doubt.

d.     At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.   In turn, Defendant could present witnesses and other evidence on his own behalf.   If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e.     At a trial, Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

17.     Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.   Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

18.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

14

19.     Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.   The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20.     Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21.     Defendant further agrees to be bound by this Agreement and not to seek to withdraw from this Agreement or withdraw from the guilty plea that he intends to enter.   If, after signing this Agreement, Defendant nonetheless decides not to plead guilty as provided herein, or if Defendant pleads guilty but subsequently makes a motion before the Court to withdraw from this Agreement and the Court grants that motion, Defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement could be used against him if he later proceeds to trial. Defendant voluntarily, knowingly, and intelligently waives any protection afforded by Federal Rules of Criminal Procedure Rule 11(f) and Rule 410 of the Federal

15

Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.   The *only* exception to the principles set forth in this paragraph is where Defendant fully complies with this Agreement but the Court nonetheless rejects it.   In that one situation, the Defendant's statements could not be used in the government's case-in-chief but could use to cross-examine him or in a rebuttal case.

22.   Defendant consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title, and interest in the following items:

    a.    one 21.5" Apple iMac computer

    b.    one 640 GB Western Digital Hard Drive

    c.    one ASUS Laptop w/power cord

    d.    one 4TB Western Digital Hard Drive

    e.    one Djay Beat/Night Thumb Drive

    f.    one 64GB San Disk Flash Drive

    g.    one LG Cell Phone w/power cord

    h.    one Black Motorola cell phone w/charger

    i.    one Green iPhone 5C w/power cord

    j.    one Samsung cell phone

    k.    one Black/Silver LG flip phone

l.      one Black LG flip phone

m.      one broken Apple iPhone w/shattered screen

n.      one Silver iPhone 6S w/case

o.      one Verizon Droid cell phone w/case

p.      one Nikon Coolpix camera

q.      one GOPRO Hero 2

r.      one Black GOPRO Hero w/case

s.      two SD Adpater & Sim Card

t.      seven Zip Disks

u.      one Black Samsung tablet

v.      one Apple iPad

w.      one Black Windows surface tablet

x.      one Lexar 32GB jumpdrive

y.      one Kingston 2GB Thumb Drive.

Defendant waives all challenges of any kind to the forfeiture and abandonment of the above-listed items by federal, state, and/or local law enforcement.   Defendant further waives any additional notice requirement in connection with the forfeiture and abandonment of the above-listed items and

consents to the destruction of the forfeited items at the discretion of federal, state, and/or local law enforcement.

Defendant knowingly and voluntarily waives any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty, with respect to the forfeited property. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of property.

Defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the property.   Defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of forfeiture in defendant's presence at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of the property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon defendant in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, during the change of plea hearing.   Pursuant to Rule 32.2(b)(4) of the

Federal Rules of Criminal Procedure, defendant consents to the preliminary order

of forfeiture becoming final as to defendant before sentencing.

DATED:   Honolulu, Hawaii, March 6, 2018.

AGREED:

KENJI M. PRICE
United States Attorney
District of Hawaii

_____
KENNETH SORENSON
Chief, Criminal Division

_____
MICHAEL PATRAKIS
Defendant

_____
DARREN W.K. CHING
Assistant United States Attorney

_____
KEITH SHIGETOMI
Attorney for Defendant