AO 245B    (Rev. 6/05) Judgment in a Criminal Case
           Sheet 1

**ORIGINAL**

# United States District Court
## District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 26 2018

at __12__ o'clock and __15__ min. __P__ M.
SUE BEITIA, CLERK

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| MICHAEL PHILLIP PATRAKIS | Case Number:  1:17CR00109-001 |
| | USM Number:  08431-122 |
| | Keith S. Shigetomi, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

[✔]  pleaded guilty to counts: 1 and 2 of the Indictment .
[ ]  pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2251(a) and (e) | Sexual Exploitation of a Minor | September 17, 2015 | 1 |
| 18 U.S.C. §§ 2251(a) and (e) | Sexual Exploitation of a Minor | September 17, 2015 | 2 |

     The defendant is sentenced as provided in pages 2 through  8  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]  Counts 3, 4, and 5 of the Indictment  are dismissed on the motion of the United States.

     It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

October 25, 2018
Date of Imposition of Judgment

_[signature]_
Signature of Judicial Officer

**LESLIE E. KOBAYASHI**, United States District Judge
Name & Title of Judicial Officer

Oct 26, 2018
Date

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
                Sheet 2 - Imprisonment

CASE NUMBER:    1:17CR00109-001                                                Judgment - Page 2 of 8
DEFENDANT:     MICHAEL PHILLIP PATRAKIS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Two-Hundred Ninety-Two (292) Months as to each of Counts 1 and 2, to run concurrently.

[✔]    The court makes the following recommendations to the Bureau of Prisons:
**Defendant to be placed at: an FCI that provides Residential Sex Offender Treatment and Substance Abuse Treatment. Defendant to be placed at: 1) Safford FCI or 2) Devens FMC.**
Defendant to be enrolled in Educational and Vocational programs.
Defendant to be placed in RDAP - 500 Hour Residential Drug Abuse Program.

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before _ on ___.
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

    Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

                                                                                UNITED STATES MARSHAL

                                                            By _____
                                                                       Deputy U.S. Marshal

AO 245B      (Rev. 6/05) Judgment in a Criminal Case
                    Sheet 3 - Supervised Release

CASE NUMBER:      1:17CR00109-001                                  Judgment - Page 3 of 8
DEFENDANT:       MICHAEL PHILLIP PATRAKIS

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: Twenty (20) Years as to each of Counts 1 and 2, to run concurrently.

You must not commit another federal, state, or local crime.

You must not unlawfully possess a controlled substance. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 8 valid drug tests per month during the term of supervised release.

[ ]     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]     You must cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[✔]     You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check, if applicable.*)

[ ]     The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must answer truthfully the questions asked by the probation officer. Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a probation officer's question shall not be considered a violation of this condition.
5) You must live at a place approved by the probation officer. If you plan to change where you live or who lives with you, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6) You must allow the probation officer to visit you at any time reasonable under the circumstances at your home or elsewhere, and you must permit, to the extent you are able or authorized to do so, the probation officer to take any items prohibited by the conditions of your supervision that the officer observes in plain view.
7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or if there are substantial changes to your job responsibilities, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8) Unless you have received advance permission from the probation officer or the association is required by supervision conditions, you must not voluntarily and intentionally associate with any person you know is engaged in committing a federal, state, or local crime, not including traffic offenses, whether the crime is being committed in or outside of your presence. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10) You must not own, possess, or have access to a firearm, ammunition, destructive device, as defined in 18 U.S.C. § 921(a)(4), or dangerous weapon (that is, anything that was designed or was modified for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) If the probation officer determines that you pose a risk to an organization or a person relating to your criminal record or personal history or characteristics, the probation officer may require, with the court's approval, that you notify that organization or person (or that person's parent, guardian, caretaker, or other individual responsible for the person's welfare) about the risk, and you must comply with that instruction. The probation officer may contact the organization or person that you were directed to notify and confirm that you notified that organization or person about the risk.
13) You must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B   (Rev. 6/05) Judgment in a Criminal Case
         Sheet 3 - Supervised Release

| | |
|---|---|
| CASE NUMBER: 1:17CR00109-001 | Judgment - Page 4 of 8 |
| DEFENDANT: MICHAEL PHILLIP PATRAKIS | |

## SPECIAL CONDITIONS OF SUPERVISION

1. You must participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (such as provider, location, modality, duration, and intensity).

2. As part of the substance abuse treatment regimen and monitoring, you must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

3. You are prohibited from using marijuana, synthetic marijuana, any products containing tetrahydrocannabinol, or any other products derived from a marijuana plant, including for medicinal or business purposes, without the prior approval of the Court.

4. You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

5. You must participate in a mental health assessment, and any recommended treatment in a mental health program, and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (such as provider, location, modality, duration and intensity).

6. You may change your residence only with the advance approval of the probation officer. You must appear in person at the state registration agency within 3 business days after the change of residence to report such change.

7. You must participate in a sex offense-specific assessment and any recommended treatment program, and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a treatment provider's question shall not be considered a violation of this condition.

8. You must submit to periodic polygraph testing at the direction of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program. A maximum of six polygraph tests per year is allowed, unless otherwise ordered by the Court. Your supervision may not be revoked based solely upon the results of a polygraph test. Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a polygrapher's question shall not be considered a violation of this condition.

9. You must participate in visual response testing as part of the required participation in a sex offense-specific assessment and/or treatment.

AO 245B (Rev. 6/05) Judgment in a Criminal Case
Sheet 3 - Supervised Release

CASE NUMBER: 1:17CR00109-001 Judgment - Page 5 of 8
DEFENDANT: MICHAEL PHILLIP PATRAKIS

10. You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

11. You must not communicate, or otherwise interact, with MF1 or MF2, either directly or through someone else, without first obtaining the permission of the probation officer.

12. You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computergenerated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256 - such as material intended to sexually stimulate or arouse). You must not frequent any place where such material is the primary product for sale or entertainment is available. The only exceptions to this condition are fortreatment purposes or for the purpose of appeal or collateral challenges in the instant case, and with the prior approval of the probation officer.

13. You must not possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, without the prior approval of the probation officer.

14. You must not access the Internet except for reasons approved in advance by the probation officer.

15. You must not go to, or be at, a place for the primary purpose of observing or contacting children under the age of 18.

16. You must not go to, or be at, any place where you know children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities.

17. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or storage devices or media, or office to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. You must also submit to periodic unannounced examinations of your computer and computer accessories, as well as provide access to Internet service provider account records, as directed by the probation officer. You must warn other occupants that the premises may be subject to searches pursuant to this condition.

AO 245 B     (Rev. 6/05) Judgment in a Criminal Case
              Sheet 5 - Criminal Monetary Penalties

CASE NUMBER:     1:17CR00109-001                            Judgment - Page 6 of 8
DEFENDANT:        MICHAEL PHILLIP PATRAKIS

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine    | Restitution      |
|--------|------------|---------|------------------|
| Totals:| $ 200.00   | $ None  | $ Not Applicable |

JVTA Assessment: $10,000.00 ($5,000.00 as to each of Counts 1 and 2)

[ ]    The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[ ]    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

      If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|   |   |   |   |
| **TOTALS** | $ _ | $ _ |   |

[ ]    Restitution amount ordered pursuant to plea agreement   $ _

[ ]    The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     [ ]    the interest requirement is waived for the     [ ] fine     [ ] restitution

     [ ]    the interest requirement for the    [ ] fine     [ ] restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 6/05) Judgment in a Criminal Case
            Sheet 6 - Schedule of Payments

CASE NUMBER:      1:17CR00109-001                                                    Judgment - Page 7 of 8
DEFENDANT:        MICHAEL PHILLIP PATRAKIS

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [ ]    Lump sum payment of $ _ due immediately, balance due
            [ ]    not later than _ , or
            [ ]    in accordance   [ ] C,   [ ] D,   [ ] E, or [ ] F below, or

B    [✓]    Payment to begin immediately (may be combined with    [ ] C,   [ ] D, or [ ] F below); or

C    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [✓]    Special instructions regarding the payment of criminal monetary penalties:
            JVTA Assessment: $10,000.00 ($5,000.00 as to each of Counts 1 and 2)

If this judgment imposes imprisonment, payment of criminal monetary penalties is not due during imprisonment, unless specifically required by this judgment. However, this order does not preclude a defendant from making voluntary payments towards any criminal monetary penalties. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]    Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate.


[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[✓]    The defendant shall forfeit the defendant's interest in the following property to the United States:
       as described in the Attached Preliminary Order of Forfeiture filed on 9/6/2018:
       (a) one 21.5" Apple iMac computer;
       (b) one 640 GB Western Digital Hard Drive;
       (c) one ASUS Laptop w/ power cord;
       (d) one 4TB Western Digital Hard Drive;
       (e) one Djay Beat/Night Thumb Drive;(f) one 64 GB San Disk Flash Drive;
       (g) one LG Cell Phone w/ power cord;
       (h) one Black Motorola cell phone w/ charger;
       (i) one Green iPhone 5C w/ power cord;
       (j) one Samsung cell phone;
       (k) one Black/Silver LG flip phone;
       (l) one Black LG flip phone;

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
           Sheet 6 - Schedule of Payments

CASE NUMBER:        1:17CR00109-001                                                    Judgment - Page 8 of 8
DEFENDANT:          MICHAEL PHILLIP PATRAKIS

(m) one broken Apple iPhone w/ shattered screen;
(n) one Silver iPhone 6s w/ case;
(o) one Verizon Droid cell phone w/ case;
(p) one Nikon Coolpix camera;
(q) one GOPRO Hero 2;
(r) one Black GOPRO Hero w/ case;
(s) two SD Adapter & Sim card;
(t) seven Zip Disks;
(u) one Black Samsung Tablet;
(v) one Apple iPad;
(w) one Black Windows surface tablet;
(x) one Lexar 32 GB jumpdrive; and
(y) one Kingston 2 GB Thumb Drive

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
Chief, Criminal Division

DARREN W.K. CHING #6903
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:   Darren.Ching@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00109 LEK |
|---|---|---|
| Plaintiff, | ) ) ) | PRELIMINARY ORDER OF FORFEITURE |
| vs. | ) ) |  |
| MICHAEL PATRAKIS, | ) ) |  |
| Defendant. | ) ) |  |

PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on February 23, 2017, a grand jury returned a five-count Indictment against defendant Michael P. Patrakis ("Patrakis"), charging him in Counts 1, 2, and 3 with Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a); in Count 4 with Distribution of Pornography in violation of

18 U.S.C. § 2252(a)(2); and in Count 5 with Sex Trafficking of a Child in violation of 18 U.S.C. §1591(a); and

WHEREAS the Indictment provided notice that the United States would seek forfeiture; and

WHEREAS, on or about March 6, 2018, defendant Patrakis entered a plea of guilty to counts 1 and 2 of the Indictment; and

WHEREAS, pursuant to 18 U.S.C. § 2253(a), a person convicted of the offenses charged in Counts 1 and 2 of the Indictment, in violation of 18 U.S.C. § 2251(a), shall forfeit to the United States any visual depiction described in Section 2251 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of that section; (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

WHEREAS, in the plea agreement, defendant Michael P. Patrakis agreed to the forfeiture of:

(a) one 21.5" Apple iMac computer;

(b) one 640 GB Western Digital Hard Drive;

(c) one ASUS Laptop w/ power cord;

(d) one 4TB Western Digital Hard Drive;

(e) one Djay Beat/Night Thumb Drive;

(f) one 64 GB San Disk Flash Drive;

(g) one LG Cell Phone w/ power cord;

(h) one Black Motorola cell phone w/ charger;

(i) one Green iPhone 5C w/ power cord;

(j) one Samsung cell phone;

(k) one Black/Silver LG flip phone;

(l) one Black LG flip phone;

(m) one broken Apple iPhone w/ shattered screen;

(n) one Silver iPhone 6s w/ case;

(o) one Verizon Droid cell phone w/ case;

(p) one Nikon Coolpix camera;

(q) one GOPRO Hero 2;

(r) one Black GOPRO Hero w/ case;

(s) two SD Adapter & Sim card;

(t) seven Zip Disks;

(u) one Black Samsung Tablet;

(v) one Apple iPad;

(w) one Black Windows surface tablet;

(x) one Lexar 32 GB jumpdrive; and

(y) one Kingston 2 GB Thumb Drive

(collectively the "Seized Forfeitable Property"); and

WHEREAS the Court has considered the defendant's plea of guilty, other evidence already in the record, and any additional evidence and information submitted by the parties; and

WHEREAS the Court finds that the Seized Forfeitable Property is subject to forfeiture pursuant to 18 U.S.C. § 2253(a), as visual depictions described in Section 2251 or matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of that section; (b) property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and/or (c) property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

WHEREAS defendant Patrakis:

(1) Acknowledges that the Seized Forfeitable Property is subject to forfeiture as described above;

(2) Waives and abandons all right, title, and interest in the Seized Forfeitable Property;

(3) Waives, releases, and withdraws any claim that he may have made with respect to the Seized Forfeitable Property and waives and releases any claim that he might otherwise have made to it in the future;

(4) Agrees to consent promptly upon request to the entry of any orders necessary to complete the forfeiture and disposition of the Seized Forfeitable Property;

(5) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment;

(6) Acknowledges that he understands that forfeiture of the Seized Forfeitable Property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(7) Consents to the entry of this Preliminary Order of Forfeiture;

(8) Agrees, pursuant to Rule 32.2(b)(4), that this Preliminary Order of Forfeiture will become final as to him when it is entered by the Court;

(9) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the Seized Forfeitable Property; and

(10) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Order; and

WHEREAS good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT any and all interests of defendant Patrakis in the Seized Forfeitable Property, specifically: (a) one 21.5" Apple iMac computer; (b) one 640 GB Western Digital Hard Drive; (c) one ASUS Laptop w/ power cord; (d) one 4TB Western Digital Hard Drive; (e) one Djay Beat/Night Thumb Drive; (f) one 64 GB San Disk Flash Drive; (g) one LG Cell Phone w/ power cord; (h) one

Case 1:17-cr-00109-LEK   Document 102   Filed 10/26/18   Page 14 of 16      PageID #: 500
Case 1:17-cr-00109-LEK   Document 98   Filed 09/06/18   Page 6 of 8    PageID #: 470

Black Motorola cell phone w/ charger; (i) one Green iPhone 5C w/ power cord; (j) one Samsung cell phone; (k) one Black/Silver LG flip phone; (l) one Black LG flip phone; (m) one broken Apple iPhone w/ shattered screen; (n) one Silver iPhone 6s w/ case; (o) one Verizon Droid cell phone w/ case; (p) one Nikon Coolpix camera; (q) one GOPRO Hero 2; (r) one Black GOPRO Hero w/ case; (s) two SD Adapter & Sim card; (t) seven Zip Disks; (u) one Black Samsung Tablet; (v) one Apple iPad; (w) one Black Windows surface tablet; (x) one Lexar 32 GB jumpdrive; and (y) one Kingston 2 GB Thumb Drive, are hereby forfeited to the United States of America pursuant to 18 U.S.C. § 2253(a); and

THAT, pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order, and of its intent to dispose of the Seized Forfeitable Property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days; and

THAT the United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Seized Forfeitable Property as a substitute for published notice as to those persons so notified; and

THAT, pursuant to 21 U.S.C. § 853(n), any person, other than the above-named defendant, asserting a legal interest in the Seized Forfeitable Property may, within 30 days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to

adjudicate the validity of his or her alleged interest in the Seized Forfeitable Property; and

THAT, pursuant to 21 U.S.C. § 853(n)(3), any petition filed by a third party asserting an interest in the Seized Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Seized Forfeitable Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Seized Forfeitable Property, any additional facts supporting the petitioner's claim, and the relief sought; and

THAT the Seized Forfeitable Property shall be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of the Seized Forfeitable Property; and

THAT, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the above-named defendant on the date it is entered by the Court, and it shall be made part of the sentence and included in the judgment; and

THAT if no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2); or, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture for the Seized Forfeitable Property pursuant to 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), in which all interests will be addressed; and

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

ORDERD: September 6, 2018, 2018, at Honolulu, Hawaii.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

The undersigned hereby consents
to the entry and form of this
Preliminary Order of Forfeiture:

KENJI M. PRICE
United States Attorney
District of Hawaii


/s/ Darren W.K. Ching          Dated: August 31, 2018
By: DARREN W.K. CHING
Assistant United States Attorney

/s/ Keith Shigetomi             Dated: August 29, 2018
KEITH SHIGETOMI, Esq.
Attorney for Defendant
Michael P. Patrakis

/s/ Michael P. Patrakis         Dated: August 29, 2018
MICHAEL P. PATRAKIS
Defendant


United States v. MICHAEL PATRAKIS; Cr. No. 17-00109 LEK; "Preliminary Order of Forfeiture"