```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                        FOR THE DISTRICT OF HAWAII

 3
    UNITED STATES OF AMERICA,       ) CR 17-00109 LEK
 4                                  )
                Plaintiff,          ) Honolulu, Hawaii
 5                                  ) October 25, 2017
       vs.                          )
 6                                  ) STATUS CONFERENCE
    MICHAEL PHILLIP PATRAKIS,       )
 7                                  )
                Defendant.          )
 8  _____)

 9
                        TRANSCRIPT OF PROCEEDINGS
10            BEFORE THE HONORABLE LESLIE E. KOBAYASHI
                    UNITED STATES DISTRICT JUDGE
11

12  APPEARANCES:

13  For the Government:       JILL OTAKE, AUSA
                              DARREN W.K. CHING, AUSA
14                            Office of the United States Attorney
                              PJKK Federal Building
15                            300 Ala Moana Boulevard, Suite 6100
                              Honolulu, Hawaii 96850
16
    For the Defendant:        KEITH S. SHIGETOMI
17                            711 Kapiolani Boulevard, Suite 1440
                              Honolulu, Hawaii 96813
18

19

20

21  Official Court Reporter:  Debra Read, CRR RMR RDR
                              United States District Court
22                            300 Ala Moana Boulevard
                              Honolulu, Hawaii 96850
23                            readit3949@gmail.com

24
    Proceedings recorded by machine shorthand, transcript produced
25  with computer-aided transcription (CAT).
```

```
 1   WEDNESDAY, OCTOBER 25, 2017                         9:59 A.M.
 2               THE COURTROOM MANAGER:  Criminal 17-00109 LEK,
 3   United States of America versus Defendant 1, Michael Phillip
 4   Patrakis.
 5        This case has been called for a status conference.
 6        Counsel, please make your appearances for the record.
 7   Please speak into a microphone.
 8               MS. OTAKE:  Good morning, Your Honor.
 9         Your Honor, Jill Otake and Darren Ching for the United
10   States
11               THE COURT:  Good morning to you both.
12               MR. SHIGETOMI:  Good morning, Your Honor.
13         Keith Shigetomi for Michael Patrakis.
14               THE COURT:  Good morning, Mr. Shigetomi.
15        So I thought we'd have this status conference.  I received
16   your submission, and given what the government has said, maybe
17   I was premature in saying then maybe we don't need an
18   evidentiary hearing.
19        What are your thoughts?
20               MR. SHIGETOMI:  Your Honor, I think there are
21   certain issues that are factual determinations that we need to
22   have some -- at least some evidence.
23               THE COURT:  Okay.
24               MR. SHIGETOMI:  So, yeah.  And I guess I was kind of
25   confused as to how to proceed because there wasn't anything in
```

1   terms of -- it wasn't entitled a motion.
2              THE COURT:  Right.
3              MR. SHIGETOMI:  It wasn't any hearing date, so --
4              THE COURT:  Yeah.  Okay.  So -- so -- so help me
5   understand.  So what issues do you think -- in particular, what
6   witnesses do you think?  'Cause what I hear from the
7   government -- and I may have misunderstood -- is they're
8   saying, "Hey, it's pretty clear it's not anything that, you
9   know, witness testimony can shed any light, so we don't intend
10  to call anybody.  So you probably then should just have a oral
11  argument and rule on the papers."
12       But you're saying that particular witnesses need to come
13  forward to shed light on certain issues?
14             MR. SHIGETOMI:  Well, there are a number of search
15  warrants, so, obviously, the search warrants, we haven't
16  challenged the actual search warrants in terms of sufficiency.
17             THE COURT:  Okay.
18             MR. SHIGETOMI:  But there are observations made
19  during a warrantless search, an entry, and there was some
20  evidence recovered.  And so what we're -- our position is --
21  well, it's twofold.  One is that there did not exist exigent
22  circumstances for the initial entry.
23             THE COURT:  Okay.
24             MR. SHIGETOMI:  Secondly, that the -- the person who
25  provided information to the -- in this case the Hawaii County

1  Police Department, illegally obtained information and provided
2  it to them.
3      And then there's a third in which before the search
4  warrants are actually issued and executed, the cooperating
5  witness, so to speak, did, at the request of the Hawaii County
6  Police Department, utilize their computers to provide
7  information to them in -- that also led to the issuance of the
8  search warrants.
9      So those are the issues that we see that require some
10 witnesses.
11          THE COURT:  Okay.  Thank you very much.
12      I'll hear from Ms. Otake.
13          MS. OTAKE:  Thank you, Your Honor.
14      Your Honor, I'll attempt to address each in turn.
15      (Microphone feedback.)
16          THE COURTROOM MANAGER:  Wait.  Hold on.  I'm sorry.
17          MS. OTAKE:  The -- it's important to note that he
18 doesn't challenge --
19          THE COURT:  Sorry.
20          MS. OTAKE:  That's okay -- counsel doesn't challenge
21 the sufficiency of the warrants, and what he does challenge is
22 the -- what he says is the evidence recovered during the
23 warrantless entry.  But in fact, there was nothing seized
24 during the warrantless entry, and ultimately the question of
25 whether or not there were exigent circumstances warranting the

1   warrantless entry is really of no matter because Your Honor can
2   excise from the affidavit any of the observations made when the
3   officers went in to rescue the children.  You can excise those
4   observations from the affidavit and you still have ample
5   probable cause without that.
6        So really, there's no need to call any witnesses to
7   testify about what the exigency was to enter the home.  And
8   even --
9              THE COURTROOM MANAGER:  I'm sorry, counsel.  We're
10  having trouble with our lectern.
11             MS. OTAKE:  Okay.  I can stand there.
12             THE COURTROOM MANAGER:  Yeah, I think may be better
13  there.  I'm sorry.
14             MS. OTAKE:  No problem.
15       And alternatively, the exigent circumstances are outlined
16  in the affidavit anyway.  The exigency in the affidavit
17  specifically talks about the need to remove these children from
18  this residence.
19       Secondly, Your Honor, he talks about the allegations that
20  this woman, who's Jessie Rutowski, illegally obtained
21  information and provided that to the government.  That's
22  covered in our brief.  We addressed the fact that there's an
23  apparent authority doctrine.  It's clear from the affidavit
24  that the officers believed what she told them, that she had the
25  authority to obtain this information from the Dropcam account.

1  And again, so there's no need for testimony on that particular
2  topic.
3         Regarding the third issue of her giving access to the
4  accounts while at the police station, again, that's another
5  apparent authority situation where she has told them that she
6  was given the ability to access these accounts from the police
7  station, and by that time at least one of the warrants had
8  already been written and signed off on.
9         So ultimately there's nothing that any of the witnesses
10 would testify to that really sheds any light on anything.
11 We're relying on the four corners of the affidavit.
12        If Your Honor is inclined to examine the exigency of the
13 warrantless entry, then we would possibly reconsider and
14 possibly call two of the officers for that, but I don't think
15 you need to reach the exigency question because, as I said, all
16 you have to do is redact the -- or remove from the affidavit in
17 your consideration what those observations were because they
18 were, frankly, rather minor in the grand scheme of probable
19 cause.
20            THE COURT:  Okay.  So I understand your argument
21 with regard to the exigency.  I'm inclined to agree with you on
22 that.
23        But with regard to the apparent authority, really doesn't
24 it rest upon whether they were reasonable in -- and credible in
25 making that determination or believing her?  So wouldn't that

1  necessitate them coming to court and saying -- being

2  cross-examined, "Why did you believe her?" or, "Why wouldn't

3  they show you?"

4       Wouldn't a reasonable police officer have to have enough

5  rather than somebody saying, "Hey, you know, I have authority

6  to go into somebody else's," you know, "computer and do this,

7  that, and the other thing," and they can't just say, "Great,"

8  you know, and not have to do -- or have a little bit more

9  information that makes it credible or reasonable that that

10 person would have apparent authority?

11         MS. OTAKE:  I guess my answer to that is twofold,

12 Your Honor.  First, the defense has already said he's not

13 challenging the sufficiency of the search warrant affidavit

14 itself, which to me outlines within it several factors as to

15 why they considered her information reasonable.  The fact that

16 she had the information in the first place makes sense.  The

17 circumstances under which she obtained them are not facts that

18 somebody could make up -- they're -- it's an unusual

19 circumstance.  And I think if he were to challenge the

20 affidavit itself by saying that the affidavit is deficient

21 because the affidavit doesn't outline the credibility of the

22 informant, for lack of a better word, then that would be a

23 different scenario.  But because he doesn't do that, we can

24 rely on the four corners of the affidavit.

25         THE COURT:  Okay.  All right.

1      Mr. Shigetomi, what would you like to do?  I mean, you
2 know, with regard to this issue, like I said, I'm inclined on
3 the exigency to, you know, side I think with the government
4 because I think Ms. Otake sort of goes through the reasons that
5 I can actually ignore those portions of the affidavit and still
6 there's enough to go forward.
7      I'm sort of on the fence with this idea with regard to the
8 apparent authority, although she points out you're not really
9 challenging the issuance of the search warrant; you're saying
10 that information was obtained prematurely from -- and
11 impermissibly.
12      So with regard to that, how do you want to proceed?  Do
13 you want to file something and then have me rule on that?  I
14 know time is getting short with regard to the hearing.
15           MR. SHIGETOMI:  Your Honor, if the Court would
16 allow, I would file something.  But -- yeah, that's fine.
17           THE COURT:  Okay.  And then I'll just rule right
18 away so that we can -- Warren, what's the hearing again on the
19 suppression?
20           THE COURTROOM MANAGER:  November 1.
21           THE COURT:  Yeah, so that's really coming up.  So --
22           THE COURTROOM MANAGER:  That's next week.
23           THE COURT:  -- what do you guys want to do in terms
24 of -- today's the 25th, so I want to give them an opportunity
25 to respond.

1              MR. SHIGETOMI:  Your Honor, I have spoken to
2     Mr. Patrakis, and in light of what has occurred, he is willing
3     to move the hearing so that we can have more time to address
4     those issues.
5              THE COURT:  Okay.
6              MS. OTAKE:  And, Your Honor, we're not in a position
7     where we'd be inclined to move the hearing, in part because
8     we've been in situations where hearing gets delayed and then
9     the time frame for negotiating a case gets truncated.
10             THE COURT:  Right.
11             MS. OTAKE:  So our preference would be to keep the
12    hearing date.
13        I would also note, you know, that the government is not
14    objecting if the defense wants to put on their own witnesses.
15    That's fine.  But just for -- just to make it clear, we don't
16    intend to call any witnesses.
17             THE COURT:  Right.  But, so, Mr. Shigetomi, were you
18    intending to call any witnesses?  I neglected to ask you that.
19             MR. SHIGETOMI:  Uhm, well, in light of what the
20    Court -- some of the Court's rulings, I would have to call at
21    least my client.
22             THE COURT:  Uh-huh.  Okay.  So that would depend on
23    how the court rules --
24             MR. SHIGETOMI:  Yes.
25             THE COURT:  -- with regard to if I'm going to

1   require them to bring the officer, say, with regard to the
2   informant.
3           MR. SHIGETOMI:  Yes.
4           THE COURT:  Okay.  So I'm trying to think of enough
5   time for you guys to do that and me to rule, and then we can
6   figure out -- I'm not opposed to moving the hearing, but by
7   like a couple days, not like, you know, weeks.  I don't know
8   what people's availability is.
9           MS. OTAKE:  If it's moved a week, Your Honor, that's
10  fine.
11          THE COURT:  Okay.  So I was just thinking giving you
12  guys enough time to brief it and then otherwise literally it's
13  like tomorrow and then the next day or something, and I think
14  that's not conducive.
15       So, Warren, what's our availability a week later?  So the
16  1st?  So like the 8th?  7th, 8th, 9th?  What's our availability
17  with regard to that?
18          MR. SHIGETOMI:  Your Honor, I was just --
19          THE COURT:  Yeah.
20          MR. SHIGETOMI:  -- confirmed for trial that week.
21          THE COURT:  Okay.
22          MR. SHIGETOMI:  So if it could be just on the
23  following week, I should be available the week of the 13th.
24          MS. OTAKE:  That's fine, Your Honor.
25          THE COURT:  Okay.  How about early in the week,

```
 1   Warren?  How are we doing?
 2           THE COURTROOM MANAGER:  14th is a SAT luncheon.
 3      15th.
 4           THE COURT:  We can still do it on the 14th.  That's
 5   just going to be probably -- oh, no, in the morning.
 6           THE COURTROOM MANAGER:  15th?
 7           THE COURT:  What about the afternoon of the 14th?
 8   What are you guys available?  14th?  15th?  What's good for you
 9   folks?
10           MR. SHIGETOMI:  If it's the afternoon of the 14th,
11   I'm available.  15th I'm available.
12           MS. OTAKE:  Your Honor, the afternoon's fine if it's
13   any time 2 o'clock or later.
14           THE COURTROOM MANAGER:  14th?
15           MS. OTAKE:  Of the 14th.
16           THE COURTROOM MANAGER:  14th at 2:00.
17           MS. OTAKE:  And --
18           THE COURTROOM MANAGER:  I'm sorry, Your Honor.  That
19   luncheon with the Supreme Court?  I don't know how long.
20           THE COURT:  Right.  I've got actually two luncheons
21   that day.  I don't know if I'm going to go to the Supreme Court
22   one or the one with the Sex Abuse Treatment Center.
23        So can we do it 2:30?  Is that too late for you guys?  If
24   you have to bring witnesses, you have to bring them from the
25   Big Island.
```

 1                MS. OTAKE:  Right.  So we would prefer the 15th in
 2    that case, Your Honor.
 3                THE COURT:  Uh-huh.  What time do we have in the
 4    morning of the 15th?  Can we do 9:00?  9:30?  Is that --
 5                THE COURTROOM MANAGER:  Yes.  There's a afternoon
 6    3:50 Audrey CEO consultation.
 7                THE COURT:  Oh, okay.  So we could do it in the
 8    morning, right?
 9                THE COURTROOM MANAGER:  Right.
10                THE COURT:  9:00?  9:30?  What do you guys prefer?
11                MS. OTAKE:  9 o'clock, Your Honor.
12                MR. SHIGETOMI:  That's fine, Your Honor.
13                THE COURTROOM MANAGER:  November 15th, 9:00.
14                MS. OTAKE:  Your Honor, just so we're clear, I want
15    to make sure we're addressing the specific issue only of why
16    witnesses would be necessary to -- to address the issue of the
17    apparent authority.
18                THE COURT:  Right.  Well, I guess both issues that
19    he raised.  But I'm was just saying hearing from you folks, my
20    inclination is I think you're persuasive with regard to the
21    exigent circumstances.  I'll leave that to Mr. Shigetomi if he
22    wants to brief that and say, "No, actually this is why you
23    should.  Even if you ignore those portions of the affidavit,
24    this is still relevant and necessary because XYZ."
25           And then with regard to the apparent authority, I think

1   that really -- that is an issue and I would appreciate briefing
2   on that.
3         So Mr. Shigetomi will brief why he thinks witnesses are
4   needed, and then I'll give you an opportunity to file an
5   opposition to that.
6               MS. OTAKE:  Okay.  Thank you.
7               THE COURT:  One week, Mr. Shigetomi?  Is that
8   sufficient?  So that would take it to the 1st?
9               MR. SHIGETOMI:  That's fine, Your Honor.
10              THE COURT:  Okay.  And, Ms. Otake and Mr. Ching, how
11  much time do you want for your opposition memo?
12              MS. OTAKE:  November 8th, Your Honor, if possible.
13              THE COURT:  Okay.  All right.  And then I'll rule
14  thereafter and we have the new date for the hearing.  Okay.
15  Good.
16        Is there anything else that we need to address with regard
17  to the case or the hearing, Mr. Shigetomi?
18              MR. SHIGETOMI:  No, Your Honor.
19              THE COURT:  Ms. Otake?
20              MS. OTAKE:  No.  Thank you, Your Honor.
21              THE COURT:  Thank you very much.  We're in recess.
22              MR. SHIGETOMI:  Thank you, Your Honor.
23              (Proceedings concluded at 10:13 A.M.)
24
25

1                    COURT REPORTER'S CERTIFICATE

2

3               I, DEBRA READ, Official Court Reporter, United

4   States District Court, District of Hawaii, do hereby certify

5   that pursuant to 28 U.S.C. §753 the foregoing is a complete,

6   true, and correct transcript of the stenographically reported

7   proceedings held in the above-entitled matter and that the

8   transcript page format is in conformance with the regulations

9   of the Judicial Conference of the United States.

10

                DATED at Honolulu, Hawaii, December 31, 2018.
11

12

13                     */s/ Debra Read*

14                     DEBRA READ, CSR CRR RMR RDR

15

16

17

18

19

20

21

22

23

24

25