UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL PHILLIP PATRAKIS,<br><br>Defendant. | CR 17-00109 LEK<br>CV 20-00447 LEK |

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND DENYING A CERTIFICATE OF APPEALABILITY**

Before the Court is pro se Defendant/Petitioner Michael Phillip Patrakis's ("Patrakis") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), filed on December 8, 2020. [Dkt. no. 138.] On January 15, 2021, an Order to Show Cause was issued, directing Plaintiff/Respondent the United States of America ("the Government") to file an answer, pursuant to Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). [Dkt. no. 139.] The Government filed its Response to the § 2255 Motion on February 16, 2021 ("Memorandum in Opposition"). [Dkt. no. 143.] On April 19, 2021, Patrakis filed two documents that have been collectively construed as his reply. [Dkt. nos. 144, 145.]

Patrakis's § 2255 Motion is hereby denied, and a certificate of appealability is also denied, for the reasons set forth below.

## BACKGROUND

On February 25, 2016, the Government filed a Criminal Complaint charging Patrakis with: 1) twenty-seven counts of production of depictions of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2251(a); and 2) one count of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1), (b)(2), and (c). [Dkt. no. 1.] In an order filed on September 7, 2016, Richard D. Gronna, Esq. was permitted to withdraw as counsel for Patrakis, and Keith S. Shigetomi, Esq. was substituted. [Withdrawal and Substitution of Counsel; Order, filed 9/7/16 (dkt. no. 32).] On February 23, 2017, Patrakis was indicted for: 1) sexual exploitation of a child with respect to Minor Female 1, in violation of § 2251(a) and (e) ("Count I"); 2) sexual exploitation of a child with respect to Minor Female 2 in violation of § 2251(a) and (e) ("Count II"); 3) sexual exploitation of children with respect to Minor Female 2, Minor Male 1, and Minor Male 2, in violation of § 2251(a) and (e) ("Count III"); 4) distribution of child pornography with respect to Minor Female 1, in violation of 18 U.S.C. § 2252(a)(2) and (b) ("Count IV"); and 5) sex trafficking of a child with respect to Minor Female 1, in violation of § 1591(a) and (b) ("Count V"). [Indictment, filed 2/23/17 (dkt.

2

no. 41).]  At his arraignment on February 27, 2017, Patrakis pled not guilty to charges in the Indictment.  [Minutes, filed 2/27/17 (dkt. no. 45.]

On April 20, 2017, Patrakis filed a Motion to Suppress Evidence ("Motion to Suppress").  [Dkt. no. 53.]  The Court noted the underlying relevant facts in its  December 21, 2017 Order Denying Defendant Michael Patrakis' Motion to Suppress Evidence, Filed April 20, 2017 [Dkt. No. 53] ("12/21/17 Order").  [Dkt. no. 80.[1]]  In sum, a witness, Patrakis's former roommate, identified elsewhere as "JR,"[2] reported child abuse to local police.  She accessed Patrakis's Dropcam home surveillance system and showed police four videos depicting Patrakis physically and/or sexually abusing Minor Female 2, as described more fully in the final Presentence Investigation Report ("PSR").  See 12/21/17 Order at 3; PSR, filed under seal 6/8/18 (dkt. no. 91), at ¶¶ 24-25.

After reviewing the Dropcam videos police made warrantless entry into Patrakis's residence along with Child Welfare Services on September 17, 2015, pursuant to Haw Rev. Stat. § 587A-8(a)(1), which allows a police officer to assume protective custody of a child if the officer believes the child

---

[1] The 12/21/17 Order is also available at 297 F. Supp. 3d 1123.

[2] See, e.g., § 2255 Motion at PageID #: 834.

is subject to imminent harm in the custody of the child's family.  During that entry, police observed drug paraphernalia and a digital video camera.  [12/21/17 Order at 4 & n.4.]  On September 18, 2015, police officers obtained a search warrant for Patrakis's residence based on the Dropcam videos and their observations made on September 17, 2015.  [Id. at 5.]  From the searches conducted pursuant to the first search warrant and subsequent search warrants, police recovered a digital scale, syringes, smoking pipes, a cellular telephone, a computer, tablets, digital cameras, and evidence from websites.  [Id.] Investigators found at least twenty-six images of child pornography featuring Minor Female 1 and Minor Female 2, a video depicting child pornography featuring Minor Female 1, and two videos depicting child abuse featuring Minor Female 2.  [PSR at ¶¶ 32-34.]

This Court rejected Patrakis's arguments that the evidence should be suppressed because J.R. did not have permission to access his Dropcam account and that she acted as a government agent by accessing his Dropcam videos.  The Court explained that J.R. had actual or apparent authority to consent to the search of the Dropcam videos, and therefore Patrakis's Fourth Amendment rights were not violated when she showed the videos to the police.  [12/21/17 Order at 11.]  The warrantless entry into Patrakis's residence to take protective custody of

4

the children was also reasonable in light of the videos showing Patrakis appearing to: ingest drugs; permit other children to abuse a toddler; physically abuse the toddler himself; and take photographs of the toddler's genitals. [Id. at 12.] Thus, the Motion to Suppress was denied. [Id. at 14.]

On March 6, 2018, Patrakis pled guilty to Counts I and II. [Minutes, filed 3/6/18 (dkt. no. 86).] Pursuant to his plea agreement, Patrakis admitted that: in March 2015, Minor Female 1, who was fifteen years old, and her daughter, Minor Female 2, who was two years old, rented and moved into a room in Patrakis's home; [ Memorandum of Plea Agreement, filed 3/6/18 (dkt. no. 87), at ¶ 8.a;] Minor Female 1 and Minor Female 2 lived with Patrakis until September 17, 2015 [id.;] Patrakis engaged in a sexual relationship with Minor Female 1, he knew Minor Female 1 was under the age of eighteen, and he used her to create depictions of sexually explicit conduct; [id. at ¶ 8.b.i-ii;] Patrakis had custody of Minor Female 2 when Minor Female 1 was out of the house and he used her to produce depictions of sexually explicit conduct, including at least six images with her genitals exposed, in five of those images Patrakis is also shown, and in four of which he is depicted holding Minor Female 2 or otherwise controlling her with his hands or body; [id. at ¶ 8.c.i-vi;] the images of Minor Female 2 constitute lascivious exhibition of genitals or pubic area; [id. at ¶ 8.d;]

5

and Patrakis produced the visual depictions of sexually explicit conduct using a Nikon Coolpix camera, an Apple iPhone 5, and a Panasonic DMC-FP3 camera that were all manufactured outside the State of Hawai`i and were mailed, shipped, or transported across state lines or in foreign commerce, [id. at ¶ 8.e].  Patrakis waived his right to challenge his conviction by direct appeal or by § 2255 motion, except for a claim based on ineffective assistance of counsel, or another ground not relevant here.  [Id. at ¶ 13.]

On October 25, 2018, Plaintiff was sentenced to 292 months imprisonment and 20 years of supervised release as to each of Counts I and II, to run concurrently.  [Judgment in a Criminal Case ("Judgment"), filed 10/26/18 (dkt. no. 102), at 2-3.]

On November 8, 2018, Patrakis filed his Notice of Appeal.  [Dkt. no. 104.]  On February 10, 2020, the Ninth Circuit issued a memorandum disposition affirming the Judgment.  [Dkt. no. 123.[3]]  The Ninth Circuit rejected Patrakis's arguments that the Government implicitly breached his plea agreement by introducing a statement from a representative of one of the victims, and by making an illusory promise in the sentencing

---

[3] The Ninth Circuit's memorandum disposition is also available at 793 F. App'x 557.

stipulations.  The Ninth Circuit's Mandate was issued on March 3, 2020.  [Dkt. no. 124.]

On June 12, 2020, Patrakis filed a motion for compassionate release, and the motion was denied in an order issued on October 23, 2020.  [Dkt. nos. 125, 137.]

In the instant motion, Patrakis argues he received ineffective assistance of counsel because: 1) Mr. Shigetomi did not subpoena J.R. for the hearing on the Motion to Suppress, nor did he tell the Court that J.R. was a drug-addicted prostitute who owed Patrakis $3,000 for drugs at the time she went to the police with the Dropcam videos; [§ 2255 Motion at PageID #: 834;] 2) Patrakis was coerced into accepting the plea agreement; [id. at PageID #: 835;] 3) Mr. Shigetomi did not procure a Fed. R. Crim. P. 11(c) plea agreement to bind the Court to a certain sentence of imprisonment; [id.;] 4) Mr. Shigetomi did not convey to the Court that Patrakis "was misled" to believe Minor Female 1 was eighteen when she moved in, he discontinued their sexual relationship six to eight weeks later when he discovered her true age, Minor Female 1 consented to their sexual relationship, and it was her idea to take the pictures, therefore Patrakis "feel[s] that [his] attorney failed to provide all the valuable information [he] gave him to defend [Patrakis] which violates [his] 6th amendment" rights; [id. at PageID #: 836;] 5) he was not guilty of the charges to which he

7

pled guilty and when he informed Mr. Shigetomi that he wanted to withdraw his guilty plea, Mr. Shigetomi informed him that "it was to [sic] late and [he] wasn't sure if" the Court would allow Patrakis to withdraw his plea; [id. at PageID #: 837;] 6) Mr. Shigetomi did not object when the Government argued in favor of a longer term of imprisonment; [id. at PageID #: 838;] and 7) Mr. Shigetomi "said he was going to do some things in order to get some of [Patrakis's] personal property back and has failed to follow through anything he has said," [id.].  Thus, Patrakis argues he received ineffective assistance of counsel and asks for the following relief: appointment of an attorney to assist with the § 2255 Motion; reconsideration of the order denying his compassionate release motion; and the assignment of a new judge.  [§ 2255 Motion at 14.]  On January 15, 2021, this Court issued an entering order denying the portions of Patrakis's § 2255 Motion seeking reconsideration of the denial of his motion for compassionate release and recusal of this Court.  [Dkt. no. 140.]

## **STANDARD**

Section 2255(a) states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

8

>authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

This Court has described the standards applicable to § 2255 motions as follows:

>A court may dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." R. 4(b), Rules Governing Section 2255 Proceedings. A court need not hold an evidentiary hearing if the allegations are "palpably incredible [or] patently frivolous," Blackledge v. Allison, 431 U.S. 63, 76 (1977) (internal quotation marks and citation omitted), or if the issues can be conclusively decided on the basis of the evidence in the record. See United States v. Mejia-Mesa, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"). Conclusory statements in a § 2255 motion are insufficient to require a hearing. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). A petitioner must "allege specific facts which, if true, would entitle him to relief." United States v. Rodrigues, 347 F.3d 818, 824 (9th Cir. 2003) (internal quotation marks and citation omitted).

Malivao v. United States, CR 13-00885 LEK, 2018 WL 6834704, at *2 (D. Hawai`i Dec. 28, 2018) (alteration in Malivao) (some citations omitted).

The issues raised in the § 2255 Motion are legal issues that "can be conclusively decided on the basis of the evidence in the record," including the record of the underlying

9

proceedings. See Mejia-Mesa, 153 F.3d at 929. Because there are no factual disputes that must be resolved in order to rule on the legal issues presented in the § 2255 Motion, an evidentiary hearing is unnecessary in this case.

## DISCUSSION

Patrakis is proceeding pro se, therefore his § 2255 Motion and reply are liberally construed. See United States v. Seesing, 234 F.3d 456, 462 (9th Cir. 2000) ("Pro se complaints and motions from prisoners are to be liberally construed." (citation omitted)).

This district court has stated:

> To prevail on an ineffective assistance of counsel claim, a petitioner must establish two distinct elements. First, he must show that counsel's representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). Second, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In other words, a petitioner must show both that counsel's performance was deficient **and** that the deficiency was prejudicial. Id. at 692.
>
> Counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on

10

> investigation. In other words, counsel has a
> duty to make reasonable investigations or to make
> a reasonable decision that makes particular
> investigations unnecessary." Id. at 690-691.
>
> Conclusory allegations of ineffective
> assistance of counsel made with no factual or
> legal explanation fall well short of stating a
> cognizable claim for ineffective assistance of
> counsel. See Blackledge v. Allison, 431 U.S. 63,
> 74 (1977) ("[P]resentation of conclusory
> allegations unsupported by specifics is subject
> to summary dismissal.").

Foster v. United States, CR. NO. 13-00219 DKW, 2019 WL 2428561, at *4 (D. Hawai`i June 10, 2019) (alterations and emphasis in Foster). As to the reasonableness of representation prong, a court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Patrakis bears the burden of proof as to both prongs of the Strickland analysis. See Turk v. White, 116 F.3d 1264, 1265 (9th Cir. 1997).

Patrakis's argument that Mr. Shigetomi provided ineffective assistance because he did not subpoena J.R. for the hearing on the Motion to Suppress or tell the Court that J.R. was a drug-addicted prostitute who owed Patrakis $3,000 for drugs at the time she went to the police with the Dropcam videos is denied for two reasons. First, the United States Supreme Court in Tollett v. Henderson, 411 U.S. 258, 267 (1973), held that, "[w]hen a criminal defendant has solemnly admitted in open

11

court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Patrakis solemnly admitted to taking sexually explicit pictures of both Minor Female 1 and Minor Female 2 in open court at his change of plea hearing. [Trans. of 3/6/18 Change of Plea Hearing ("3/6/18 Trans."), filed 12/12/18 (dkt. no. 113), at 20-22.] Thus, he is precluded from raising the claim that he received ineffective assistance of counsel at or prior to the hearing on the Motion to Suppress. Second, the decision whether or not to subpoena J.R. was a strategic decision that was within the professional judgment of Mr. Shigetomi, not a fundamental decision belonging solely to Patrakis. As one district court summarized:

> A defendant "has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." Jones v. Barnes, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983). However, a defendant does not have a constitutional right "to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Id.

See United States v. Madsen, Nos. CV-08-304-E-BLW, CR-06-42-E-BLW, 2009 WL 2245062, at *6 (D. Idaho July 23, 2009) (discussing the decision-making jurisdiction of counsel). "[T]he decision whether to subpoena certain witnesses rests upon the sound

12

professional judgment of the trial lawyer." Gustave v. United States, 627 F.2d 901, 904 (9th Cir. 1980). Mr. Shigetomi made the strategic decision to not call J.R. as a witness, and to instead use the expected police officers' testimony to argue the evidence should be suppressed because J.R. used the police computer at the request of the police officers to access the Dropcam account. Mr. Shigetomi was aware that Patrakis wanted to call J.R. as a witness, and he repeatedly explained to Patrakis why she would not be called. Further, Patrakis said he understood, and agreed to, Mr. Shigetomi's strategy. [Mem. in Opp., Exh. 4 (Decl. of Keith S. Shigetomi ("Shigetomi Decl.")) at ¶¶ 2.e-q.] "[S]trategic choices [by counsel] made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690. Thus, Mr. Shigetomi was not required to follow Patrakis's desire to subpoena J.R. for the hearing on the Motion to Suppress and, moreover, Patrakis cannot challenge the strategic choice now because of his intervening guilty plea. For these reasons, Patrakis's first argument is rejected.

Patrakis's argument that he was coerced into accepting the plea agreement is an allegation that his plea was not voluntary. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to

13

summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977) (citations omitted). Patrakis argues he was coerced into taking the deal by Mr. Shigetomi's warning that he would receive thirty years to life imprisonment without a plea deal. [§ 2255 Motion at PageID # 835.] Given that the guideline range for just Counts I and II was determined to be 360 months to life, with a statutory maximum of 720 months, [PSR at ¶ 128,] Mr. Shigetomi's prediction was reasonably accurate as to a potential sentence. "Reciting potential penalties or sentences does not constitute coercion." United States v. Haswood, 350 F.3d 1024, 1029 (9th Cir. 2003) (citations omitted). Also, Patrakis explicitly affirmed that he had not been given any promises or assurances, nor had he been forced, threatened, or pressured to plead guilty. [3/6/18 Trans. at 6.] Therefore, Patrakis's allegation that he was coerced into pleading guilty is rejected.

        Patrakis's argument that he received ineffective assistance of counsel because Mr. Shigetomi did not procure a binding plea agreement is denied. Both Mr. Shigetomi and the Government explain that the Government was not agreeable to a Rule 11(c)(1)(c) binding plea agreement. [Mem. in Opp. at 14-15; id., Exh. 4 (Shigetomi Decl.) at ¶ 2.z.] Therefore, Mr. Shigetomi's inability to secure a deal to which the

14

Government would not agree does not fall below the standard of reasonable performance, did not produce an unjust result, and thus, does not constitute ineffective assistance. See Strickland, 466 U.S. at 686 ("The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."). Moreover, given Patrakis's statements at his change of plea hearing that he knew the Court was not bound to any sentencing recommendation by the Government, his argument that he now would have preferred a binding plea agreement does not derogate the knowing and voluntary nature of his plea at the time it was entered. See 3/6/18 Trans. at 11 (acknowledging the possible penalties for each of Count I and II included a minimum term of imprisonment of fifteen years and maximum term of thirty years); id. at 14-15 (acknowledging his sentence could be different than any estimates he had received, his sentence would be determined by the Court, and he would be bound by his plea even if his sentence was longer than expected or if he did not like it). For these reasons, Patrakis's argument is denied.

Patrakis's arguments that he is not guilty because he did not know Minor Female 1 was under the age of eighteen, that their sexual relationship was consensual, that it was her idea to take the pictures, and that he received ineffective

15

assistance when Mr. Shigetomi did not move to withdraw his guilty plea in light of his alleged innocence as to Count I and II are rejected. To begin with, it is not clear if Patrakis is arguing it was Minor Female 1's idea to take pictures of just herself, or that it was also her idea for Patrakis to take the sexually explicit photos of Minor Female 2. Regardless, Patrakis cannot show that he was prejudiced by Mr. Shigetomi's alleged refusal to move to withdraw his guilty plea because he has not alleged any set of facts that would suggest he would have been allowed to withdraw his plea.

> "[T]he decision to allow withdrawal of a plea is solely within the discretion of the district court." United States v. Nostratis, 321 F.3d 1206, 1208 (9th Cir. 2003). "The defendant has the burden to show a fair and just reason for withdrawal of a plea." Id. The standard, however, is applied liberally. See United States v. Nagra, 147 F.3d 875, 880 (9th Cir. 1998). Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea. See United States v. Turner, 898 F.2d 705, 713 (9th Cir.), *cert. denied*, 495 U.S. 962, 110 S. Ct. 2574, 109 L. Ed. 2d 756 (1990) (citing United States v. Rios-Ortiz, 830 F.2d 1067, 1068 (9th Cir. 1987)).

United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2004). An unsupported claim of innocence is not a fair and just reason to withdraw a guilty plea. Turner, 898 F.2d at 713. Patrakis has not argued that he received an inadequate colloquy,

16

he became aware of newly discovered evidence, there are intervening circumstances, or there is any other reason that did not exist at the time he pled guilty.  Because there would have been no basis for granting the motion to withdraw his guilty plea, it would have constituted a meritless legal argument.  "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982).  Patrakis cannot show he received ineffective assistance of counsel based on the decision to not pursue a meritless motion to withdraw his guilty plea.

        The premise of Patrakis's argument that Mr. Shigetomi "did not object to U.S. Attorney's comments for higher sentence," [§ 2255 Motion at PageID #: 838,] is not supported by the record because the Assistant United States Attorney clearly and dutifully asked for a sentence of eighteen years, as previously agreed upon by the parties.  See Trans. of 10/21/18 Sentencing Hearing, filed 12/12/18 (dkt. no. 114), at 16 (the Government "ask[ed] this Court to sentence Mr. Patrakis to 18 years of incarceration"); see also Mem. of Plea Agreement at ¶ 10.c (stating the Government would recommend a sentence of eighteen years), ¶ 14 (stating the parties understood the Court would determine the sentence in consideration of the United States Sentencing Guidelines "notwithstanding any

17

representations or predictions from any source"). Thus, this argument is rejected.

Patrakis's argument that Mr. Shigetomi failed to help him recover his personal property is not within the scope of a § 2255 motion because it is not a collateral attack on his sentence. However, in light of the Court's obligation to construe Patrakis's filing's liberally, this Court will address it, to the extent that this argument is rejected as an unsupported conclusory allegation because Patrakis has failed to identify any of the property he seeks to have returned in any of his filings, and has not explained how Mr. Shigetomi's alleged inaction resulted in constitutionally deficient performance.

In sum, Patrakis has continued to disclaim responsibility for his crimes by blaming Minor Female 1 for the sexually explicit photographs he produced while engaged in sexual acts with her, arguing that their sexual relationship was consensual, that it was her idea to take the pictures, and that he was misled as to her age. In the § 2255 Motion, he does not expressly address who was responsible for the pictures he took of Minor Female 2. None of his arguments suggest, let alone demonstrate, that he received ineffective assistance of counsel. Therefore, Patrakis's § 2255 Motion is denied.

### III. **Certificate of Appealability**

This district court has stated that:

> In dismissing a § 2255 motion, the court must also address whether [defendant/petitioner] should be granted a certificate of appealability ("COA"). See R. 11(a), Rules Governing Section 2255 Proceedings (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
>
> "The standard for a certificate of appealability is lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by* Swarthout v. Cooke, 562 U.S. 216 (2011). The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." Id. (citation and internal quotation marks omitted). The standard "requires something more than the absence of frivolity, but something less than a merits determination." Id. (internal quotation marks omitted).
>
> The court carefully reviewed [the defendant/petitioner's] assertions and gave him every benefit by liberally construing them. Based on the above analysis the court finds that reasonable jurists could not find the court's rulings debatable.

Malivao, 2018 WL 6834704, at *7 (some alterations in Malivao) (some citations omitted). Reasonable jurists would not find that the rulings in this Order regarding Patrakis's § 2255 Motion are debatable. A certificate of appealability therefore will not be issued.

**CONCLUSION**

On the basis of the foregoing, Patrakis's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed December 8, 2020, is HEREBY DENIED.  In addition, this Court DENIES a certificate of appealability.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 22, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES OF AMERICA VS. MICHAEL PHILLIP PATRAKIS; CR 17-00109 LEK; CV 20-00447 LEK; ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND DENYING A CERTIFICATE OF APPEALABILITY**